# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JIM DUNN *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERCK & CO., INC. *et al.*, <br><br> Defendants. | Civil Action No. 13-1723 (MAS)(TJB) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on Relators' appeal (ECF No. 21) from the July 11, 2019 Letter Order (the "Order," ECF No. 19) of the Honorable Tonianne J. Bongiovanni, U.S.M.J., which denied Relators' motion to maintain the sealing order for their *qui tam* False Claims Act suit post dismissal or, in the alternative, to unseal only a redacted complaint (the "Motion," ECF No. 15). The United States of America (the "Government") opposed (ECF Nos. 18, 22), and Relators replied (ECF No. 26).[1] At issue in this dispute is whether Judge Bongiovanni correctly denied Relators' request to seal this matter indefinitely after it was voluntarily dismissed. (*See generally* Pls.' Appeal.) Specifically, Judge Bongiovanni rejected Relators' following arguments for maintaining the seal: (1) the indefinite seal would protect their identities and allow them to investigate Defendants' alleged wrongdoing further; (2) Defendants would not suffer prejudice as

---

[1] Inadvertently, Relators were not served with the Government's opposition to their Motion for some time. (*See* ECF No. 22.) As a result, Relators believed their Motion was unopposed. (*See* Relators Notice of Objection ("Pls.' Appeal") 7, ECF No. 21 ("On May 15, 2019, Relators filed the Motion to maintain the current sealing order . . . the relief requested is unopposed.").) After Judge Bongiovanni issued the Order, however, the Government clarified that it opposes the indefinite seal. (ECF No. 22.) Relators then replied to the Government's opposition in its briefing before this Court. (ECF No. 26.)

they are unaware of this action; and (3) the public would be harmed if the matter was unsealed because it may provide a roadmap for other healthcare companies to commit similar alleged wrongdoing. (Order 4-5.) Relators appealed, arguing that Judge Bongiovanni relied on inapposite legal authority and inadequately weighed the public's interest in uncovering Defendants' wrongdoing. (Pls.' Appeal 8-9.) Relators also emphasized that their Motion was unopposed by the Government and therefore distinguishable from the case law relied on in the Order. (Pls.' Appeal 6-7.) Of course, this last argument no longer holds true. (*See* ECF Nos. 18, 22.)

The Court looks to 28 U.S.C. § 636 and the Local Civil Rules for appeals from non-dispositive matters from magistrate judges. Under both, district courts may set aside any portion of a magistrate judge's order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); L. Civ. R. 72.1(c)(1)(A). As the standard suggests, the Court's review is "narrow." *Cordero v. Warren*, No. 12-2136, 2017 WL 2367049, at *1 (D.N.J. May 31, 2017) (citing *Alit (No. 1) Ltd. v. Brooks Ins. Agency*, No. 10-2403, 2012 WL 5304636, at *2 (D.N.J. Oct. 25, 2012)). Exercising that narrow review, Judge Bongiovanni's Order is neither clearly erroneous nor contrary to law. The Order correctly noted that "there are no explicit requirements in the [False Claims Act] directing that a *qui tam* case that is voluntarily dismissed after the [Government] declines to intervene should still be maintained under seal," leaving the decision to the discretion of the Court. (Order 2 (citing L. Civ. R. 5.3(c)).) Further, the Order considered each of Relators' arguments for maintaining the seal indefinitely and compared those arguments to congressional intent behind enacting the anonymity provisions of the False Claims Act as well as comparable legal authority in other districts. (Order 3-4 (citing, among other cases, *United States ex rel. Yannacopolous v. General Dynamics*, 457 F. Supp. 2d 854, 858 (N.D. Ill. 2006); *United States ex rel. Erickson v. Univ. of Wash.*, 339 F. Supp. 2d 1124, 1126 (W.D. Wash. 2004)).) In sum, Judge

Bongiovanni found the Relators' proffered reasons for maintaining the seal post dismissal inadequate. (Order 3-4.) The Court agrees.

If there was any remaining doubt as to the propriety of the Order, the Government's opposition to Relators' Motion all but seals the deal. (*See generally* Gov't's Opp'n Br., ECF No. 22-1.) As the Government points out, any interest identified by Relators is outweighed by the "strong public interest in access to the judicial record." (Gov't's Opp'n Br. 4-5 (collecting cases).) This matter has remained under seal for over nine years. The Court agrees with Judge Bongiovanni that the time to lift the seal has come. Accordingly, the Court finds no error in Judge Bongiovanni's Order to deny Relators' Motion.

**IT IS THEREFORE**, on this __24th__ day of March 2022, **ORDERED** as follows:

1. Judge Bongiovanni's Order (ECF No. 19) is **AFFIRMED**.
2. Relators' appeal (ECF No. 21) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE